This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39792**

**STATE OF NEW MEXICO,**

　　　Plaintiff-Appellee,

v.

**JOSEPH AMBRIZ,**

　　　Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Maria Dominguez, Metropolitan Court Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Liane E. Kerr
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}**　　Defendant appeals his metropolitan court conviction, after a bench trial, for first offender DWI (slightest degree). We issued a calendar notice proposing to affirm and to remand for the correction of an error in the record. Defendant has responded with a memorandum in opposition. We affirm, and we remand with instructions to correct a typographical error in the record.

**{2}**　　With respect to the record, the abstract of record [RP 56] states that Defendant was convicted under a different provision of the DWI statute (.08 or higher BAC) than otherwise indicated by the record, which is a conviction for DWI under the "slightest degree" alternative, as discussed below. This error should be corrected on remand.

**{3}** Turning to the sole issue on appeal, Defendant claims that the evidence was insufficient to support his conviction for DWI under the "slightest degree" alternative. [MIO 1] *See* NMSA 1978, § 66-8-102(A) (2016). A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 1994-NMSC-121, ¶ 6, 118 N.M. 762, 887 P.2d 756 (internal quotation marks and citation omitted).

**{4}** Here, Jamie Orozco testified that she was hit by a vehicle while turning into an Albertson's. [MIO 2] The other vehicle rolled over four times, and among the debris were two crushed beer cans. [MIO 2] It was determined that Defendant was the owner of the vehicle, and he was observed being rude to ambulance personnel who were treating him. [MIO 2] An officer who responded later testified that Defendant would not let her finish reading implied consent directives. [MIO 3] Defendant had bloodshot watery eyes, slurred speech, and smelled of alcohol. [MIO 4, DS 3]

**{5}** In addition to the erratic driving that can be inferred from the accident, the odor of alcohol and the presence of open containers supported the conclusion that Defendant was under the influence. Defendant's refusal to submit to chemical testing inquiries also weighed in favor of Defendant's guilt. *See State v. Lujan*, 1985-NMCA-111, ¶ 36, 103 N.M. 667, 712 P.2d 13 (noting that a defendant's actions, such as flight or attempts to deceive police, tend to show consciousness of guilt). This was sufficient to support the State's "slightest degree" DWI charge. *See, e.g.*, *State v. Soto*, 2007-NMCA-077, ¶ 34, 142 N.M. 32, 162 P.3d 187 (holding that there was sufficient evidence to support a conviction where officers observed the defendant driving, where the defendant admitted to drinking, and where the defendant had bloodshot watery eyes, slurred speech, and smelled of alcohol); *State v. Notah-Hunter*, 2005-NMCA-074, ¶ 24, 137 N.M. 597, 113 P.3d 867 (holding that evidence that a defendant smelled of alcohol, had slurred speech, admitted to drinking alcohol, failed field sobriety tests, and was driving erratically was sufficient to uphold a conviction for driving while intoxicated). To the extent Defendant claims that the there was insufficient evidence that he had consumed alcohol or was impaired, we conclude that the metropolitan court, sitting as fact-finder, could rely on reasonable inferences to the contrary based on the facts presented. *See State v. Martinez*, 2002-NMCA-043, ¶ 13, 132 N.M. 101, 45 P.3d 41 (reviewing the evidence to determine "whether a rational jury could have drawn reasonable inferences" from the evidence to conclude that the defendant was driving under the influence of alcohol).

**{6}** For the reasons set forth above, we affirm on the merits of Defendant's appeal, but we remand to the metropolitan court with instructions to correct the aforementioned clerical error.

**{7}    IT IS SO ORDERED.**

KRISTINA BOGARDUS, Judge

WE CONCUR:

MEGAN P. DUFFY, Judge

ZACHARY A. IVES, Judge